UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT A. SMITH,

    Plaintiff,

  v.

RADWELL INTERNATIONAL, INC.,

    Defendant.

HONORABLE JOSEPH E. IRENAS

C.A. NO. 06-cv-05682

**OPINION**

**APPEARANCES:**

DION & GOLDBERGER, ESQS.
By: Samuel A. Dion, Esq.
1616 Walnut St.
Suite 2316
Philadelphia, PA 19103
    Counsel for Plaintiff

CURETON CAPLAN, PC
By: Karen M. Murray, Esq.
300 Midlantic Dr.
Suite 200
Mount Laurel, NJ 08054
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    This is a racial discrimination action by Plaintiff, Robert A. Smith ("Smith"), an African-American, against his former employer, Defendant Radwell International, Inc. ("Radwell"). Plaintiff alleges violations of 42 U.S.C. § 1981 et seq., and New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et seq.[1]

    Radwell moves to Dismiss and Compel Arbitration. For the reasons set forth below, the Motion will be granted.

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**I.**

In November, 2004, Speck Industrial Controls, Inc. ("Speck") hired Smith as a quality assurance technician.[2] When Smith was hired, he was given Speck's arbitration policy, which states:

> [A]ny disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration under the [Federal Arbitration Act, 9 U.S.C. § 1]. . . . This arbitration shall be the exclusive means of resolving any disputes arising out of your employment or termination from employment by Speck Industrial Controls or you, and no other action can be brought by employees in any court or any forum.
>
> By simply accepting or continuing employment with Speck Industrial Controls, you automatically agree that arbitration is the exclusive remedy for all disputes arising out of or related to your employment with Speck International Controls and you agree to waive all rights to a civil court action regarding your employment with Speck Industrial Controls; only the arbitrator, and not a judge nor a jury, will decide the dispute.

(Def's Ex. A)  Smith signed an acknowledgment and agreement to comply with the terms of the arbitration policy ("Acknowledgment") on November 8, 2004.  The Acknowledgment states:

> My signature on this document acknowledges that I understand the Speck Industrial Controls Arbitration Policy detailed in this manual and agree to abide by its conditions.

---

[2] As will be discussed *infra*, Radwell asserts that Speck changed its name to Radwell during Smith's term of employment.

> I further agree that, in accordance with Speck Industrial Controls' Arbitration Policy that I will submit any dispute- including but not limited to termination- arising under or involving my employment with Speck Industrial Controls to binding arbitration within one (1) year from the date the dispute first arose.  I agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving my employment with Speck Industrial Controls or the termination of that employment.

(Def's Ex. B)

Smith alleges that he made verbal complaints to his supervisors about pay disparities among similarly situated African-American and white employees, and an alleged racial slur uttered by a white senior worker.  After the verbal complaints, he claims that Radwell engaged in a pattern of retaliation against him.

Allegedly, on February 4, 2006, Smith sent a formal complaint letter to his three supervisors, which led to a meeting to discuss his discrimination complaints on March 9, 2006.  He was terminated on March 23, 2006, allegedly in retaliation for his complaints.

Smith filed the instant Complaint on November 28, 2006. Relying on the Arbitration Agreement, Radwell moves to dismiss the Complaint and compel arbitration.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon

which relief can be granted."  In considering a Rule 12(b)(6) motion, the court will accept the allegations of the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal of claims under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Although the court must assume as true all facts alleged, "[i]t is not . . . proper to assume that the [plaintiff] can prove any facts it has not alleged."  *Associated Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Finally, when "[c]onfronted with [a 12(b)(6)] motion, the court must review the allegations of fact contained in the complaint; for this purpose the court does not consider conclusory recitations of law."  *Pennsylvania v. Pepsico, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988).

### III.

"A motion to compel arbitration calls for a two step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement."  *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).  "When determining both the existence and the scope of an arbitration agreement, there is a presumption in

4

favor of arbitrability."  *Id.* at 532; *see also AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986).

Under the Federal Arbitration Act ("FAA"), "[a] party to a valid and enforceable arbitration agreement is entitled to ... an order compelling such arbitration."  *Parilla v. IAP Worldwide Services IV, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004); *see also* 9 U.S.C. § 4.

**A.**

Smith's sole argument in opposition to the present motion is that Radwell is not a party to the Arbitration Agreement and therefore cannot enforce its provisions.

In reply, Radwell asserts that it when it hired Smith in 2004, its name was Speck Industrial Controls, Inc., but it changed its name to Radwell International, Inc., on March 8, 2005.[3]  In support of its contention, Radwell submits a copy of the Amended Articles of Incorporation for Speck, filed with the Pennsylvania Department of State, which evidence the name change. Radwell also submits New Jersey Certificates of Authority for both Speck and Radwell, which show that both entities have the

---

[3]  The Complaint alleges that Radwell hired Smith in 2004.  Smith gives no explanation for why his signature appears on a document, dated November 8, 2004, identifying his employer as Speck International Controls, Inc.

5

same tax registration number.[4]  Lastly, the affidavit of Radwell's Vice President states that "Radwell was formerly known as Speck Industrial Controls."  (Love Aff. at ¶ 2)

In Smith's sur-reply,[5] he points to Radwell's website and advertising materials, which state that Radwell has been in business since 1979.  He asserts that the statement is evidence that Radwell existed at the same time as Speck, and suggests that there must have been "a merger of these two separate entities." (Sur-reply at p. 2)  However, Smith has put forth no evidence of a merger of Speck and Radwell.[6]  Indeed, Radwell's statement that it has been in business since 1979 can be interpreted to support Radwell's position that Speck and Radwell are one in the same entity.  In the absence of any evidence that Speck and Radwell were ever two separate entities, Smith's argument must fail.

Under Pennsylvania law,[7] a change of corporate name, made by

---

[4] Speck's certificate was issued on April 2, 2002.  Radwell's certificate was issued on October 14, 2005.

[5] Plaintiff was not granted leave to file a sur-reply.  *See* L. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge or Magistrate to whom the case is assigned.").

[6] It is worth noting that a merger would not necessarily preclude Radwell's enforcement of the Arbitration Agreement. *See generally,* 1 Byron E. Fox & Eleanor M. Fox, Corporate Acquisitions and Mergers § 5B.02 (Matthew Bender & Co., Inc. 2007)("All [state merger] statutes provide that the rights, franchises, and privileges of the merged or consolidated corporations pass to the survivor.  All statutes also provide that the surviving corporation shall possess all the rights, privileges, immunities, and powers and is subject to all the responsibilities of a corporation formed under their respective corporation statutes. . . . Contracts, licenses and franchises that are silent with regard to assignability are generally deemed assigned by operation of law as well.").

[7] Radwell is incorporated under the laws of Pennsylvania.

amending the articles of incorporation does not affect the rights and liabilities of the corporation. Specifically,

> [a]n amendment shall not affect any existing cause of action in favor of or against the corporation, or any pending action or proceeding to which the corporation is a party, or the existing rights of persons other than shareholders. If the corporate name is changed by the amendment, an action brought by or against the corporation under its former name shall not be abated for that reason.

15 Pa.C.S. § 1916(b).[8] Therefore, Radwell's rights and obligations as defined in the Arbitration Agreement are preserved despite the name change, and Radwell may enforce the agreement against Smith.

**B.**

The Court also holds that Smith's claims are within the scope of the Arbitration Agreement.

> [A]n order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*Trippe Mfg*., 401 F.3d at 532 (quoting *AT&T Technologies*, 475 U.S.

---

[8] *See also, Omicron Sys. v. Weiner,* 2002 Phila. Ct. Com. Pl. LEXIS 11 (Phila. Com. P. LEXIS 2002) ("It is clear that [plaintiff's] name change does not eliminate its right to enforce the Restrictive Covenant Agreement against [defendant].")(reversed in part on other grounds by 860 A.2d 554 (Pa. Super. Ct. 2004)); *Phila. Ear, Nose & Throat Surgical Assocs. P.C. v. Roth*, 44 Pa. D. & C.4th 427, 430 (Pa. C.P. 2000) ("Corporate name changes do not affect the existing rights of persons other than shareholders. . . . [A] simple change of the corporate name does not affect [plaintiff's] right to enforce the covenant against [defendant]."); *Wasson v. Hi-Ranger, Inc.*, No. 92-3053, 1994 U.S. Dist. LEXIS 6438 at *6 (E.D. Pa. 1994)("The fact that [defendant] changed its name had no effect upon its corporate existence.").

at 650).

Smith asserts two statutory claims of racial discrimination and retaliation arising out of his employment with Radwell. These claims clearly fall within the Arbitration Agreement's provision that "disputes arising during your employment involving claims of unlawful discrimination or harassment under federal or state statutes shall be submitted exclusively to binding arbitration. . . . This arbitration shall be the exclusive means of resolving any disputes arising out of [Plaintiff's] employment or termination from employment." Smith does not assert otherwise.[9] Accordingly, Radwell's Motion to Dismiss and Compel Arbitration will be granted.

The parties will be directed to submit this dispute to the American Arbitration Association ("AAA") for resolution in accordance with the AAA's Employment Arbitration Rules and Mediation Procedures. Smith will be granted 60 days from the entry of this Court's Order to file and properly complete a demand for arbitration.[10]

---

[9] Both parties acknowledge that Radwell moved to dismiss Smith's administrative complaint filed with the New Jersey Division of Civil Rights, based upon the arbitration agreement. According to both parties, the motion was denied. However, neither party states why the motion was denied, or even whether the motion was denied with or without prejudice. Nothing before this Court at the present time suggests that there was not a valid Arbitration Agreement between the parties or that the present claims do not fall within the scope of the agreement. The Court has fully considered and rejected the only argument Smith has put forth in opposition to the present Motion.

[10] Less than a month after his termination, Smith apparently requested to submit his claim to arbitration. (Love Aff. Ex. C) Radwell provided him an AAA Demand for Arbitration Form and explained that "the American Arbitration Association will be used to manage the process and . . . the arbitrator will

Nothing will constrain the parties from mutually agreeing to an alternate forum for dispute resolution, should they wish to select one.

**IV.**

For reasons set forth above, Defendant's Motion to Dismiss and Compel Arbitration will be granted.  The Court will issue an appropriate order.

Date: June 20, 2007

                                             s/ Joseph E. Irenas
                                             JOSEPH E. IRENAS
                                             Senior United States District Judge

---

be selected through the AAA." (Id.)  Nothing before the Court indicates whether Smith completed the demand form or whether it was filed with the AAA.